IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROSE MARIE COLLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 10-0893-CV-W-JCE-SSA |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and her application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq. Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary. Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197,

229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski. The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they

are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

## Discussion

Plaintiff, at the time of the hearing before the ALJ was 46 years old. Her education consists of completing 10 grades and receiving a GED. Her employment consists primarily of unskilled jobs, including janitorial, cashier and data entry positions.

It was plaintiff's testimony at the hearing before the ALJ that she was afraid to leave her home; that loud noises irritate her, and that she has a problem with anger control. She also describes periods of hallucinations, extreme anxiety and depression. These symptoms cause difficulty sleeping and panic attacks.

It was the finding of the ALJ that:

1. The claimant met the special earnings requirements of the Social Security Act on her alleged onset date of October 27, 2004, but remained insured only through March 31, 2006.

2. The claimant has not engaged in substantial gainful activity during the period in question.

3. The claimant has the following "severe" impairments: right shoulder degenerative joint disease since at least July 2007, status post right shoulder arthroscopy; a major depressive disorder; and a posttraumatic stress disorder ("PTSD"). The claimant's lumbar and lower extremity complaints have been considered in the combination of impairments, but are found to be "not severe" pursuant to the regulations.

4. The claimant's medically determinable impairments do not meet or medically equal any of the listed impairments in Appendix 1, Subpart P of Regulation No. 4.

5. The claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit a total of 6 hours in an 8-hour

workday, and stand and walk a total of 6 hours in a 8-hour workday. She is able to climb and crawl occasionally. Since at least July 2007, she needs to avoid working overhead with the dominant right arm. She is able to follow simple and low end detailed instructions (unskilled and semi-skilled work). She is limited to superficial interaction with the public. She should avoid close interaction with co-workers such as working as a member of a team.

7. The claimant has the following past relevant work, as described in the <u>Dictionary of Occupational Titles</u> ("DOT"): cashier, a light, unskilled job; janitor, a medium, unskilled job; inventory clerk; a medium, semi-skilled job; and forklift operator, a medium, semi-skilled job.

8. The claimant's medically determinable impairments do not prevent her from performing her past relevant work as a cashier.

9. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date last insured of March 31, 2006, for purposes of title II benefits, and through the date of this decision, for purposes of Title XVI benefits.

Plaintiff asserts that the ALJ erred because there was not substantial evidence in the record as a whole to support the ALJ's findings; that the ALJ erred in dismissing the opinions of the treating and consulting physicians, and that he erred in posing a proper hypothetical to the ALJ that included all of plaintiff's impairments.

Having fully reviewed the record, the Court finds that there is not substantial evidence in the record as a whole to support the decision of the ALJ. The Court agrees with plaintiff that there is objective medical evidence to support her complaints regarding her impairments. Specifically, Chalisa Gadt-Johnson, Ph.D., concluded that plaintiff would likely have problems working and getting along with others in the work place. Linda Gates, MLLP. concluded plaintiff suffered from marked or extreme limitations in maintaining concentration, persistence and pace. She also noted that plaintiff would have difficulty working on a consistent basis. These opinions are supported by the medical record as a whole, which includes records from the

4

Wyandot Health Center of 30 therapy sessions from May 2006 through October 2007, and additional therapy sessions in 2008. Three state agency psychologists found either mild or moderate limitations of defendant's activities.

While the ALJ noted portions of the record, which suggest normal functioning, the record as a whole supports those psychologists who concluded the plaintiff would be unable to successfully function in the work place. The defendant argues that Linda Gates is not a treating psychologist and is not therefore entitled to consulting weight. Even accepting that argument and analyzing her opinions and the consulting opinions of record as non-treating sources, her conclusions are supported by the record. Properly crediting all of the medical records would require the conclusion that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met her burden of establishing that she suffers from impairments that leave her disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

    /s/ James C. England  
    JAMES C. ENGLAND  
    United States Magistrate Judge

Date: August 8, 2011